Dear Mr. Tureau:
You have requested the opinion of this office on the following issue:
 May the proceeds of a tax approved by the voters, ". . . for the purpose of maintaining and supporting a mental health program in the Parish of Ascension . . ." be used to provide treatment for alcoholism and substance abuse?
Although your request deals with a parish operated program, it is necessary that we look to the state mental health code, R.S.28:1 et seq. for definitions and guidance on the issue which you have raised.
R.S. 28:2(14) defines "mentally ill person" as, "any person with a psychiatric disorder which has substantial adverse effects on his ability to function and who requires care and treatment. It does not refer to a person suffering solely from mental retardation, epilepsy, alcoholism, or drug abuse." (Emphasis added.)
"Substance abuse" is defined in R.S. 28:2(24) as, "the condition of a person who uses narcotic, stimulant, depressant, soporific, tranquilizing, or hallucinogenic drugs or alcohol to the extent that it renders the person dangerous to himself or others or renders the person gravely disabled."
Throughout the mental health code there are references to the "mentally ill person" and to the "person suffering from substance abuse", but nowhere is the substance abuser subsumed within the mentally ill term. Indeed, to do so would be in direct conflict with the explicit differentiation set forth in the definitions quoted above. Therefore, while the mental health code contemplates treatment for both the mentally ill and for substance abusers, it is equally clear that they are not one and the same in the view of our state's mental health law.
We have also had the benefit of reviewing material from the Diagnostic and Statistical Manual of Mental Disorders (DSM-III-R) from the American Psychiatric Assn. which designates certain substance abuse problems as mental disorders. Specifically identified are "psychoactive substance-induced organic mental disorders", and "psychoactive substance use disorders", each of which is classified as a mental disorder.
Therefore, if the effect of substance abuse is such that it can be medically classified as a mental disorder, such a condition would fall within the purview of a "psychiatric disorder" as used in R.S. 28:2(14). Such determinations are medical rather than legal and would necessarily be made on a case by case basis.
Consequently, those cases of substance abuse which have reached the point of a "mental disorder" would qualify for treatment in programs supported by Ascension Parish's mental health tax, while those cases not classified as a mental disorder would not.
I trust that this answers your inquiry. Please advise if we may be of any further assistance in this matter.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General
GRD:271